**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

Attorneys for Plaintiff Kerr Corporation



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KERR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>TRI DENTAL INC.; AHN LUU; and DOES 1-10<br><br>    Defendants. | CASE NO. SACV12-00891 DOC (CWx)<br><br>[Assigned to Hon. David O. Carter]<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK COUNTERFEITING; TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; CALIFORNIA UNFAIR PRACTICES ACT; AND TRADEMARK DILUTION** |

Plaintiff Kerr Corporation ("Plaintiff") states the following for its First Amended Complaint against Tri Dental, Inc. and Ahn Luu (collectively "Defendants"):

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b). This Court has personal jurisdiction over Defendants because the acts complained of occurred and are occurring in interstate commerce in this District and as Plaintiff is suffering injuries within this District as a result of Defendants' conduct.

## VENUE

2. Venue is properly laid in this District under 28 U.S.C. § 1391 as the acts complained of occurred and are occurring in interstate commerce in the Central



1
FIRST AMENDED COMPLAINT

District of California and as Plaintiff has a place of business within the Southern Division of this District.

## THE PARTIES

3. Plaintiff is a Delaware corporation with a principal place of business located within this District at 1717 W. Collins Ave., Orange, California 92867.

4. Plaintiff manufactures high technology dental restorative materials and consumables. Plaintiff's products are consistent sales and technology leaders in the dental restorative industry.

5. Tri Dental Inc. ("TDI") was a corporation that dissolved on or about February 1, 2012. TDI had an office and principal place of business located at 13902 West Street Garden Grove, California 92843. This action is brought against TDI pursuant to Section 2011 of the California Corporations Code.

6. On information and belief, and notwithstanding its purported dissolution, TDI continued to operate and commit the prohibited acts identified herein after the dates of its dissolutions. Accordingly, TDI is also sued, in the alternative, as an unknown business entity.

7. Ahn Luu is an individual citizen of California. Luu is a former executive of Kerr Corporation, and a founder of TDI. Luu is also TDI's former designated agent for service of process. This action is brought against Luu individually and pursuant to Section 2011 of the California Corporations Code.

8. The true names of TDI's former shareholders, sued pursuant to Section 2011 of the California Corporations Code and individually herein as Does 1-10, are unknown to Plaintiff, which therefore sues said defendants by such fictitious names. Plaintiff will amend its pleadings to allege their true names and capacities when the same are ascertained.

## FACTUAL BACKGROUND

9. Since at least 1905, Plaintiff has used the KERR trademark in connection with dental materials, namely, impression compounds, impression-trays,

2
FIRST AMENDED COMPLAINT

dental waxes, investment compounds for use in the investment casting of dental articles, Plaster of Paris for use in the creation of dental articles, sealing agents for dental purposes; dental instruments, namely, pulp-canal instruments, broach holders, mouth-mirrors, handles for dental instruments, articulators, dental spatulas, and engine-drills. The KERR mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

10. Since at least 1986, Plaintiff has used the HERCULITE mark in connection with a dental composite. The HERCULITE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

11. Since at least 1986, Plaintiff has used the HERCULITE XR mark in connection with dental restorative material. The HERCULITE XR mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

12. Since at least 1989, Plaintiff has used the UNIDOSE mark in connection with an ampule containing dental restorative material. The UNIDOSE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

13. Since at least 1992, Plaintiff has used the OPTIBOND mark in connection with a dental adhesive. The OPTIBOND mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

3
FIRST AMENDED COMPLAINT

14. Since at least 1994, Plaintiff has used the REVOLUTION trademark in connection with a dental composite filling material. The REVOLUTION mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

15. Since at least 1995, Plaintiff has used the PRODIGY mark in connection with dental restoration compounds. The PRODIGY mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

16. Since at least 1995, Plaintiff has used the OPTIBOND FL mark in connection with a dental bonding agent. The OPTIBOND FL mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

17. Since at least 1996, Plaintiff has used the NEXUS trademark in connection with dental cement. The NEXUS mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

18. Since at least 2004, Plaintiff has used the PREMISE trademark in connection with a universal dental restorative composite compound in a flowable configuration. The PREMISE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

19. Since at least 2003, Plaintiff has used the NX3 mark in connection with a permanent dental resin cement system featuring a color-stable adhesive dental resin cement. The NX3 mark is a nonfunctional and an inherently distinctive

indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

20. Since at least 2008, Plaintiff has used the MAXCEM ELITE trademark in connection with a self-etch, self-adhesive, resin dental cement. The MAXCEM ELITE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

21. Plaintiff is the owner of numerous registrations from the U.S. Patent and Trademark Office covering the trademarks under which Plaintiff's products are sold. These include, but are not limited to, the following:

| Mark | Reg. No. | Reg. Date | Goods |
| --- | --- | --- | --- |
| HERCULITE XR | 1447094 | July 14, 1987 | dental restorative material |
| UNIDOSE | 1626611 | Dec. 11, 1990 | ampule containing dental restorative material |
| OPTIBOND FL | 1962023 | March 12, 1996 | dental bonding agent |
| NEXUS | 2114553 | Nov. 18, 1997 | dental products, namely, cement |
| OPTIBOND | 2119642 | Dec. 9, 1997 | dental adhesive |
| KERR | 3443640 | June 10, 2008 | dental materials, namely, impression compounds, impression-trays, dental waxes, investment compounds for use in the investment casting of |

5
FIRST AMENDED COMPLAINT

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
|  |  |  | dental articles, plaster of paris for use in the creation of dental articles, sealing agents for dental purposes |
| PRODIGY | 3557124 | January 6, 2009 | dental restoration compounds |
| REVOLUTION | 3645913 | June 30, 2009 | dental composite filling material |
|  |  |  |  |

22. Declarations under Section 15 of the federal Lanham Act, 15 U.S.C. § 1065, have been filed for certain of the foregoing registered marks. Accordingly, those registrations are incontestable and therefore constitute conclusive evidence of Plaintiff's ownership of the marks underlying those registrations. Registrations for the foregoing marks are also *prima facie* evidence of Plaintiff's ownership of the marks underlying those registrations.

23. Plaintiff has spent substantial time, money, and effort in promoting its products under the KERR, REVOLUTION, PREMISE, MAXCEM ELITE, NEXUS, NX3, OPTIBOND, OPTIBOND FL, HERCLUTE, HERCULITE XR, PRODIGY and UNIDOSE marks (collectively, the "Marks," each, a "Mark"). As a result of Plaintiff's extensive and continuous use of the marks, and through the marks' widespread fame, distinctiveness, and favorable public acceptance and recognition, consumers throughout the United States, including in this District and in this Division, associated the marks exclusively with Plaintiff prior to the date Defendants undertook the unlawful conduct described in this Complaint.

24. Prior to the date Defendants undertook the unlawful conduct described in this Complaint, the Marks were famous and distinctive in the state of California in light of:

    a. Plaintiff's extensive advertising and promotion of the marks throughout California;

    b. the extensive volume and geographic extent of sales in California of goods under the marks;

    c. the actual recognition of the marks throughout California; and

    d. in the case of certain Marks, their federally registered status.

## DEFENDANTS' WRONGFUL ACTS

25. Defendants have manufactured and sold dental supplies and materials in this District, including dental supplies and materials bearing counterfeits of the Marks.

26. Through its own independent investigation, Plaintiff learned that Defendants had contracted with local printers to produce unauthorized copies of the instruction booklets (called "Directions for Use" or "DFUs") that are included in the packages of Plaintiff's dental products.

27. Plaintiff did not authorize Defendants to print DFUs bearing Plaintiff's trademarks, and therefore, the DFUs were counterfeit.

28. Defendants have ordered and received between 5,000 to 10,000 counterfeit DFUs between twelve and twenty-four times since 2010.

29. Defendants can have only one reason for ordering this volume of counterfeit DFUs: to support a massive counterfeit operation distributing millions of dollars of counterfeit product each month.

## COUNT I

## FEDERAL TRADEMARK COUNTERFEITING

30. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-29 as if fully set forth here.

31. Without authorization of Plaintiff, Defendants have used in commerce marks that are identical to, or substantially indistinguishable from, Plaintiff's federally registered Marks. Insofar as Defendants deliberately have used spurious copies of Plaintiff's federally registered Marks in connection with goods falling within the scope of Plaintiff's trademark rights, Defendants have intentionally violated 15 U.S.C. § 1116.

32. As a consequence of Defendants' actions, Plaintiff has suffered, and is continuing to suffer, irreparable harm and damage, including a diversion of sales from it to Defendants and a loss of goodwill. Plaintiff has no adequate remedy at law.

33. Given that Defendants' actions were willful, deliberate, and fraudulent, Plaintiff is entitled to an award of statutory damages and attorneys' fees under 15 U.S.C. § 1117.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT

34. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-33 as if fully set forth here.

35. Defendants' use in connection with the sale of dental supplies and materials of marks identical or confusingly similar to Plaintiff's registered Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' business and products are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

36. Defendants' activities constitute infringements of Plaintiff's registered Marks in violation of 15 U.S.C. § 1114 that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Plaintiff's good will and reputation as symbolized by its registered Marks, for which Plaintiff has no adequate remedy at law.

FIRST AMENDED COMPLAINT

37. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on the good will associated with Plaintiff's registered Marks to the irreparable injury of Plaintiff.

38. Defendants' conduct is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III

## FEDERAL UNFAIR COMPETITION

39. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-38 as if fully set forth here.

40. Defendants' use in connection with the sale of dental supplies and materials of marks identical or confusingly similar to the Marks is causing, and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' business and products are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

41. Defendants' activities constitute false representations, false descriptions, and false designations of origin of Defendants' products in violation of 15 U.S.C. § 1125 that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Plaintiff's good will and reputation as symbolized by the Marks, for which Plaintiff has no adequate remedy at law.

42. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on the good will associated with the Marks to the irreparable injury of Plaintiff.

43. Defendants' conduct is causing and is likely to cause substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief, and to

recover Defendants' profits, actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT IV

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

44. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-43 as if fully set forth here.

45. Through its use of confusingly similar imitations of the Marks, Defendants have engaged in unlawful, unfair or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200 and Plaintiff is therefore entitled to injunctive relief.

## COUNT V

### COMMON-LAW UNFAIR COMPETITION

46. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1-45 above as if fully set forth here.

47. Defendants' use in connection with the sale of dental supplies and materials of marks identical or confusingly similar to the Marks constitute false representations, false descriptions, and false designations of origin of Defendants' products that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Plaintiff's good will and reputation as symbolized by the Marks, for which Plaintiff has no adequate remedy at law.

48. Defendants' actions demonstrate an intentional, willful, and bad-faith intent to trade on the good will associated with the Marks to the irreparable injury of Plaintiff.

49. Defendants' conduct is causing and is likely to cause substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, actual damages, costs, and reasonable attorneys' fees.

## COUNT VI

## TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

50. Plaintiff repeats and incorporates by reference all of the allegations of paragraphs 1-49 as if fully set forth here.

51. Through its use of confusingly similar imitations of the Marks, Defendants have diluted the distinctiveness of those marks by eroding the public's exclusive identification of the marks with Plaintiff, thus diminishing the marks' distinctiveness, effectiveness, and prestigious connotations. The Marks will inevitably be tarnished by Defendants' sale of goods bearing spurious imitations of those marks, particularly as the goods sold by Defendants have not been subjected to Plaintiff's quality control mechanisms.

52. Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiff's good will and business reputation and dilution of the distinctive and valuable quality of the Marks in violation of Cal. Bus. & Prof. Code § 14247, and Plaintiff is therefore entitled to injunctive relief. Because of the deliberately willful nature of Defendants' conduct, Plaintiff is additionally entitled to the remedies set forth in Cal. Bus. & Prof. Code § 14252.

## PRAYER FOR RELIEF

Plaintiff therefore respectfully requests:

1. that Defendants and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently from:
    a. using any copy, reproduction, or colorable imitation or simulation of the Marks in connection with goods not manufactured under Plaintiff's authority;

      b.    using any mark that is a copy, reproduction, colorable imitation, or simulation of or, confusingly similar to Plaintiff's trademarks, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' products are products of Plaintiff, or are sponsored by or in any way related to Plaintiff;

      c.    passing off, palming off, or assisting in passing off or palming off, Defendants' products as those of Plaintiff, or otherwise continuing any and all acts of unfair competition;

2. that, in light of the risk to the public health posed by Defendants' conduct, Defendants be compelled to recall any products it has distributed bearing or associated with the Marks and not manufactured under Plaintiff's authority;

3. that Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants and for all damages caused to Plaintiff under 15 U.S.C. § 1117 and the common law in an amount to be proven at trial that will be no less than $30,000,000, and that Plaintiff's award be trebled as provided for by 15 U.S.C. § 1117 to $90,000,000;

4. that, in light of Defendants' willful counterfeiting of Plaintiff's registered Marks, Plaintiff be awarded statutory damages under 15 U.S.C. § 1117 in the amount of $2,000,000 per each of those marks, *i.e.*, $16,000,000;

5. that, in light of Defendants' willful and deliberate infringement of the Marks, Plaintiff be awarded punitive damages in connection with its California law causes of action in an amount no less than nine times compensatory damages, *i.e.*, $270,000,000;

6. that Defendants be required to pay to Plaintiff the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

| | | |
|---|---|---|
| 1 | 7. | that Defendants be required to pay prejudgment and post-judgment |
| 2 | | interest on the foregoing damages and profits awards; and |
| 3 | 8. | that Defendants be ordered to deliver up for destruction all bags, boxes, |
| 4 | | labels, signs, packages, receptacles, advertising, promotional material |
| 5 | | or the like in possession, custody, or under the control of Defendants |
| 6 | | that are found to adopt, to infringe, or likely to dilute any of Plaintiff's |
| 7 | | trademarks or that otherwise unfairly compete with Plaintiff; and |
| 8 | 9. | that Plaintiff have such other and further relief as the Court may deem |
| 9 | | just. |

DATED: July 19, 2012

SCHEPER KIM & HARRIS LLP
MARC S. HARRIS
ALEXANDER H. COTE

By: _____
Alexander H. Cote
Attorneys for Plaintiff KERR
CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiff Kerr Corporation hereby demands that all issues be determined by jury.

DATED: July 19, 2012

SCHEPER KIM & HARRIS LLP
MARC S. HARRIS
ALEXANDER H. COTE

By: *[signature]*
Alexander H. Cote
Attorneys for Plaintiff
KERR CORPORATION